UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WASTE MANAGEMENT                               CIVIL ACTION
OF LOUISIANA, L.L.C.

v.                                             NO. 13-226

THE PARISH OF JEFFERSON                        SECTION "F"
THROUGH THE JEFFERSON PARISH COUNCIL

ORDER AND REASONS

Before the Court is the Jefferson Parish's Rule 12(b)(6) motion to dismiss.  For the reasons that follow, the motion is DENIED without prejudice, to be reasserted once Waste Management files its amended complaint.

**Background**

This malicious prosecution lawsuit arises from prior litigation in which Jefferson Parish pursued claims against Waste Management in an effort to terminate the parties' landfill contract early so that Jefferson Parish could instead contract with River Birch.  Waste Management contends that Jefferson Parish pursued its lawsuit against it for years, even though it knew that its claims against Waste Management were factually and legally baseless.

I.
*A.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state

1

a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).

*B.*

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading "as a matter of course within...21 days after service of a motion under Rule 12(b)."  Fed.R.Civ.P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court

should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

## II.

To state a claim for the tort of malicious prosecution under Louisiana law, a plaintiff must allege facts supporting these essential elements:

> (1) the commencement or continuance of an original criminal or civil judicial pleading;
> (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
> (3) its bona fide termination in favor of the present plaintiff;
> (4) the absence of probable cause for such proceeding;
> (5) the presence of malice therein; and
> (6) damages conforming to legal standards resulting to plaintiff.

Hibernia Nat'l Bank of New Orleans v. Bolleter, 390 So.2d 842 (La. 1980).

Jefferson Parish seeks to dismiss Waste Management's malicious prosecution lawsuit on the ground that Waste Management has not and cannot allege the third element -- that there was a bona fide termination of the underlying lawsuit in favor of Waste Management. In its opposition papers, Waste Management disputes that is has failed to plead the favorable termination element, but nonetheless notes: "[T]o the extent the Court deems it necessary, Waste Management should be permitted to amend its Complaint to incorporate [facts concerning a state court judgment that nullified a competing contract], and to plead that in the Consent Judgment

with River Birch, Jefferson Parish admitted that it could never succeed in the underlying suit it filed against Waste Management."

The parties vehemently dispute the contours of the favorable termination element. But the Court finds resolution of this dispute premature. With respect to the favorable termination element, Waste Management alleges in its complaint only that "Jefferson Parish filed a motion for voluntary dismissal with prejudice...and it was not until...two and a half years after Jefferson Parish originally filed suit against Waste Management[] that the matter was dismissed with prejudice." Even though the Court is permitted to consider documents referenced in the complaint and matters of which it may take judicial notice when it considers a Rule 12(b)(6) motion to dismiss,[1] the Court is not obligated to construct additional factual allegations that may or may not support an element of a particular claim. But, here, the Court need not do so because Waste Management has requested the opportunity to amend its complaint to make additional factual allegations concerning the favorable termination element. It is not too late to allow Waste Management to attempt to cure its

---

[1] "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

defective pleading. In fact, Waste Management may amend its complaint as a matter of course "within 21 days after service of a motion under Rule 12(b)...." Fed.R.Civ.P. 15(a)(1)(B).

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss is DENIED without prejudice, to be reasserted once Waste Management files its amended complaint. IT IS FURTHER ORDERED: that Waste Management must file its amended complaint within seven days.

New Orleans, Louisiana, March 27, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE