MINUTE ENTRY
KNOWLES, M.J.
JUNE 19, 2014

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 13-226 |
| JEFFERSON PARISH | SECTION "F" (3) |

On this date, the Motion to Quash Document Subpoenas and to Limit the Scope of the Deposition of Former Counsel [Doc. #52] and the Motion to Compel Document Production and Testimony [Doc. #56] came on for oral hearing before the undersigned. Present were Miles Clements and Benjamin Castoriano on behalf of plaintiff and Thomas Anzelmo and Lou Anne Milliman on behalf of defendant. Having reviewed the motions, the oppositions and the case law **on an expedited basis**, the Court rules as follows.

The malicious prosecution lawsuit before this Court arises from highly public, earlier litigation in which Jefferson Parish ("the Parish") sued Waste Management ("WM") in an effort to terminate early the parties' Landfill Contract ("the Contract") so that the Parish could contract with another waste- disposal services provider, River Birch. WM contends before this Court that the Parish pursued the earlier lawsuit for years even though it knew that its claims against it were

MJSTAR(00:20)

factually and legally baseless; it alleges that the dismissal of the Parish's underlying claim on February 7, 2012 was a dismissal based on and reflecting the lack of merit of the Parish's claim, and that the dismissal constituted a bona fide termination of the Parish's appropriation dependency clause claim against WM. WM's charges, and prior litigation history were necessarily presented in some detail in the District Court's June 3, 2013 Order and Reasons, in which the District Court denied the Parish's Rule 12(b)(6) motion to dismiss WM's amended complaint. *See Waste Management of Louisiana, L.L.C. v. The Parish of Jefferson*, – F. Supp. 2d – , 2013 WL 2395328 (E.D. La. June 3, 2013).

      For purposes of the motion before this Court, it is crucial to note that the Parish has raised the affirmative defense of good faith reliance on the advice of counsel and recognizes that it has waived its attorney-client privilege for the limited purpose of asserting the defense. The dispute before this Court is the scope of the waiver in relation to upcoming document production and depositions. In short, the Parish asks the Court to limit the deposition of former counsel "to the Parish's decision to file the underlying lawsuit in light of the annual dependency clause and/or cost savings to the Parish." [Doc. #52-1 at p. 4]. It seeks the same relief with regard to former counsel's production of documents at the deposition. WM asks the Court for a broader scope, arguing that it is entitled to depose former counsel on the Parish's decision to continue the lawsuit in the face of significant developments that revealed that the lawsuit was baseless. WM also seeks to depose former counsel as to the contract with River Birch, arguing that the Parish's first amended complaint in the earlier declaratory judgment action made it clear that the invocation of the annual dependency clause to terminate the Contract between it and the Parish was to ratify the contract between the Parish and River Birch. [E.D. La., Civ. A. No. 09-6270, Doc. #76]. WM seeks the same relief with

regard to the documents.

While the Court finds that both arguments are well-taken here, WM has the better one, supported by the case law.  "Placing-at-issue waiver occurs when a privilege-holder pleads a claim or a defense in such a way that he will be forced inevitably to draw upon a privileged communication at trial in order to prevail. Placing-at-issue waiver is an application of the anticipatory waiver principle." *See Asset Funding Group, L.L.C. v. Adams & Reese, L.L.P.*, Civ. A. No. 07-2965, 2008 WL 4186884, at *5 (E.D. La. Sept. 9, 2008) (citing *Sucession of Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1138, 1145 (La. 1987)). Under the anticipatory waiver theory, the Court must concern itself solely with whether the privilege holder has committed himself/herself to a course of action that will require the disclosure of a privileged communication. *Id.*

As noted, the Parish recognizes that it has waived the privilege to a certain extent.  That extent is the dispute between the parties.  In *Naquin v. Unocal Corp.*, this Court held that

> There is an inherent risk in permitting the party asserting a defense of its reliance on advice of counsel to define the parameters of the waiver of the attorney-client privilege as to that advice. That party should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of discovery. To do so would undermine the very purpose behind the exception to the attorney-client privilege at issue here – fairness.

No. Civ. A. 01-3124, 2002 WL 1837838, at *5 (E.D. La. Aug. 12, 2002) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3rd Cir. 1995)).  There is no case law to support the Parish's temporal limitations here.  Indeed, parties "can not assert the advice of counsel defense to only the 'bringing' part and not the 'prosecuting' part" of a lawsuit. *SNK Corp. of Am. v. Atlus Entm't Co., Ltd.*, 188 F.R.D. 566, 575 (N.D. Cal. 1999).   The waiver here applies to all privileged

communications that are on the "same subject" – *i.e.*, the appropriation dependency clause claim and/or the cost/savings to the Parish – as the privileged communications already produced. By its own admission, the Parish recognizes that one of the issues before the Court is the alleged cost/savings to it of entering the contract with River Birch. The Court can not fathom how WM would be entitled to depose former counsel as to the cost/savings to the Parish without asking questions that concern River Birch itself. The Parish must produce – and its attorneys must testify to – all documents and information that pertain to its filing of the earlier lawsuit and the continuation of said suit between any of its representatives, counsel or otherwise, that relate to the appropriation dependency clause claim and/or the cost/savings to the Parish of executing the contract with River Birch.

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Quash Document Subpoenas and to Limit the Scope of the Deposition of Former Counsel [Doc. #52] is DENIED and the Motion to Compel Document Production and Testimony [Doc. #56] is GRANTED.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**